J-S36042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERONIMO SANCHEZ-YANEZ | : | |
| | : | |
| Appellant | : | No. 1376 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 15, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002711-2022

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:              **FILED: NOVEMBER 14, 2024**

Appellant, Jeronimo Sanchez-Yanez, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, followed by three years' probation, imposed after a jury convicted him of various sexual offenses committed against a minor female victim.  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

We need not detail the facts of Appellant's underlying convictions for purposes of this appeal.  We only briefly note that the evidence produced at Appellant's trial revealed that he sexually abused his step-daughter over the course of nearly a decade, beginning when the victim was seven years old.

Procedurally, Appellant was charged in July of 2022 with rape of a child (18 Pa.C.S. § 3121(c)); rape by forcible compulsion (18 Pa.C.S. § 3121(a)(1)); statutory sexual assault – 11 years older (18 Pa.C.S. § 3122.1(b)); indecent assault of a person less than 13 (18 Pa.C.S.

§ 3126(a)(7)); statutory sexual assault (18 Pa.C.S. § 3122.1); aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)); and involuntary deviate sexual intercourse – less than 13 years of age (18 Pa.C.S. § 3123(b)). After a jury trial in March of 2023, Appellant was convicted of all charges. On August 15, 2023, he was sentenced to the aggregate term set forth *supra*. He was also determined to be a sexually violent predator. Appellant filed a timely post-sentence motion, contending that, because he was 51 years' old, the court's sentence was effectively a life term that is manifestly excessive. Appellant also averred that the court failed to consider his rehabilitative and medical needs, and that the court considered certain improper factors in fashioning his sentence. The trial court denied Appellant's post-sentence motion on August 30, 2023.

Appellant filed a timely notice of appeal, and the court issued an order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Appellant's counsel, Brian McNeil, Esq., filed a Pa.R.A.P. 1925(c)(4) notice of his intent to file a petition to withdraw and an ***Anders***/***Santiago*** brief with this Court.[1] On December 5, 2023, the trial court issued a Rule 1925(a) opinion recognizing that counsel intended to withdraw, and discussing, generally, why it "properly exercised its discretion" in fashioning Appellant's sentence. ***See*** Trial Court Opinion (TCO), 12/5/23, at 5 (citation omitted).

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On March 14, 2024, Attorney McNeil filed a petition to withdraw with this Court. However, four days later, a new attorney, Edward J. Foster, Esq., filed on Appellant's behalf an "Application for Extension of Time to File Brief." Therein, Attorney Foster stated that he had been retained by Appellant on February 22, 2024. On March 28, 2024, this Court granted Attorney McNeil's petition to withdraw, and, on April 5, 2024, we granted Attorney Foster an extension of time to file Appellant's brief. On June 19, 2024, Attorney Foster sought another extension of time to file the brief, which this Court denied. Counsel filed Appellant's brief late on July 18, 2024. Therein, Appellant raises one issue for our review: "Whether the court abused its discretion in sentencing [] Appellant to a significantly aggravated sentence for this conviction, punishing [Appellant] for refusing to accept responsibility [for] actions [for which] he continues to steadfastly claim innocence." Appellant's Brief at 6.

Preliminarily, Appellant has waived this issue for our review by not raising it in a Rule 1925(b) statement. As discussed *supra*, Attorney McNeil filed a Rule 1925(c)(4) statement of his intent to withdraw and, thus, he did not preserve any issue(s) on Appellant's behalf. When Attorney Foster was later retained by Appellant, he did not seek leave, with either this Court or the trial court, to file an amended Rule 1925(b) statement. Accordingly, Attorney

Foster did not preserve Appellant's sentencing claim for our review.[2]  **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Additionally, even if not waived under Rule 1925(b)(4)(vii), we would also deem Appellant's claim waived based on his failure to raise it in his post-sentence motion.  On appeal, Appellant argues that in fashioning his sentence, the court ignored the mitigating factors of his lack of a prior record and the fact that he "travelled to York County to face the charges head on, rather than disappearing into the wind to avoid prosecution."  Appellant's Brief at 9.  An assertion that the court failed to consider mitigating factors constitutes a challenge to the discretionary aspects of a sentence that must be preserved orally at sentencing or in a post-sentence motion.  **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.

_____

[2] We note that the trial court's order notified Appellant that "[a]ny issues not properly included in the statement timely filed and served shall be deemed waived."  Order, 10/3/23, at 1-2 (unnumbered).  **See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (_en banc_) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted); **Commonwealth v. Rhoades**, 8 A.3d 912, 918 (Pa. Super. 2010) (characterizing a claim that the court failed to consider mitigating circumstances as a challenge to the discretionary aspects of sentence). Here, in Appellant's post-sentence motion, he made no mention of the court's failure to consider his lack of a prior record or that he did not abscond once the charges were filed. Accordingly, these arguments are waived on this basis, as well.[3]

Notwithstanding waiver, and even if Appellant's argument constituted a substantial question for our review, we would discern no abuse of discretion in the court's sentencing decision. **See Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (stating that "[a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[,]" which includes demonstrating that "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)"); **Commonwealth v.**

_____

[3] We also note that Appellant did not include a Pa.R.A.P. 2119(f) statement in his appellate brief. However, as the Commonwealth did not object, we would not be required to find waiver on this basis. **Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) (stating that "when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal") (citations omitted).

*Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.").

Instantly, at Appellant's sentencing hearing, his counsel, Attorney McNeil, pointed to several factors that the court should consider in sentencing Appellant, including that he had a difficult childhood, his strong work ethic and good employment history, and that he was in poor health at that time. *See* N.T. Sentencing, 8/15/23, at 44-45. Counsel also stressed that due to Appellant's age, if the Commonwealth's proposed sentence of 25 to 50 years' incarceration was imposed, he would not be eligible for parole until the age of 77. *Id.* at 46. Additionally, the court heard the testimony of Appellant's paramour and brother, who testified about Appellant's good character. *See id.* at 48-49.

Moreover, as Appellant recognizes, *id.*, the court had the benefit of a presentence report, and stated that it considered it. *Id.* at 51. Thus, we "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with

mitigating statutory factors." ***Commonwealth v. Macias***, 968 A.2d 773, 778

(Pa. Super. 2009) (citation omitted).  Indeed, we have declared that,

> [h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.  This is particularly true … in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.  It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Id.*** (citation omitted).  The sentencing court also stated that it considered the

statements of Appellant's family members, and it also reviewed the

statements of "over a dozen people who knew [Appellant] when he lived in

Mexico [and] who found him to be a person of upstanding character."  N.T.

Sentencing at 48.

Clearly, the court was aware of, and considered, the mitigating

circumstances in this case.  However, it found that the following, aggravating

circumstances warranted a lengthy sentence:

> (1) that [Appellant] expressed no remorse and accepts no responsibility for the offenses of which he is convicted; (2) that [Appellant] started abusing the victim when she was 7 years old; (3) that [Appellant] abused his position of trust[,] as he was victim's stepfather at the time he committed the present offenses; and (4) that the abuse took place over a decade.

TCO at 5 (citing N.T. Sentencing at 52).

Based on this record, we would discern no abuse of the trial court's

ample sentencing discretion.  The court clearly took into account the

mitigating circumstances of Appellant's case, but found that the aggravating

factors warranted the lengthier sentence requested by the Commonwealth. The court was within its discretion in making this decision. Thus, even if Appellant had preserved his sentencing claim for our review, we would conclude that no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2024